IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AULUKISTA, LLC, Individually and Derivatively on behalf of Global Windcrest II, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>GLOBAL BUILDING, LLC; and CHRISTIAN MEJIA; and nominal defendant GLOBAL WINDCREST II, LLC<br><br>*Defendants.* | §§§§§§§§§§§§§§<br><br>CAUSE NO. 5:22-cv-274-FB-HJB |

## MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

NOW COMES, Plaintiff, AULUKISTA, LLC ("Aulukista") individually and derivatively on behalf of Global Windcrest II, LLC ("GWII" or "Company"), and respectfully requests the Court extend the temporary restraining order granted by the 131st Judicial District Court, Bexar County, Texas prior to removal for good cause and until a hearing on preliminary injunction is set.

### I. FACTUAL BACKGROUND

1. This injunction dispute arose after Plaintiff Aulukista, an Alaska limited liability company and 68% majority member of GWII, a Delaware[1] limited liability company, supported GWII's passage of a Resolution[2] terminating Defendant Global Building, LLC ("Global

---

[1] Plaintiff would note there is a question as to whether diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) truly exists in this matter as Aulukista brings a derivative action on behalf of GWII, a limited liability company formed in Delaware, which is the same state of formation as Defendant, Global Building, LLC. Additionally, Christian Mejia, who has not made an appearance before this Court, is a Texas resident.  Additionally, this is a suit only for injunctive relief. No monetary amount is sought whatsoever, and the financial impact of the injunction would be less than $75,000, even over 12 months if that was the time it would take to arbitrate the case. However, due to the exigent circumstances and need to prevent irreparable harm, Plaintiff has filed this motion to extend the TRO issued by the state district court. Plaintiff may consider later whether to timely file a motion to remand if the Court does not make inquiry itself as to its jurisdiction.

[2] *See* Defendant Global Building, LLC's Notice of Removal (hereinafter "Notice of Removal"), Doc. 1-6 at 3-4

Building") from continuing to act as the Manager of GWII, the owner of that 5-story commercial building located at 8930 Fourwinds Drive, Windcrest, Texas 78239, (the "Building"). The basis for the removal of Global Building as Manager of GWII is detailed in the Resolution itself[3], the verification/affidavit of Sharon Lechner to the sworn allegations in the state lawsuit, and the Affidavit of Sharon Lechner filed herewith as Exhibit B hereto, with pictures demonstrating substantial health and safety issues due to the prior mismanagement of Global Building (See paragraph 4 of the Affidavit of Sharon Lechner, and specifically Exhibit hereto and specifics on the basis for the removal of Global Building as Manager of GWII under the Operating Agreement.

2. Global Building is a Delaware limited liability company with administrative offices in California whose two members, C.W. Tucker Lewis ("Tucker") and Tad Lewis ("Tad") are allegedly residents and citizens of the states of Maine and Washington, respectively.[4] Defendant Christian Mejia ("Mejia") is a resident and citizen of Texas; although it is not clear exactly who her employer is (on information and belief it is Global CRES, Inc, a subsidiary or affiliate of Global Building). Ms. Mejia was the "face" representing the onsite property manager for the Building. Ms. Mejia was the person whom tenants and third parties visibly affiliated with the on-site management of the Building prior to the Honorable Judge Laura Salinas granting a Temporary Restraining Order (TRO) in state court on March 14, 2022, enjoining Global Building from acting as the Manager of GWII and, in the case of Ms. Mejia, from acting as the on-site management representative. Defendant Mejia was served per the special provisions in the TRO by email, but she was not personally served with citation in the state lawsuit. She was appropriately not at the Building on March 15, 2022 when personal service of citation was sought as she was email served

---

[3] See Notice of Removal, Doc. 1-1 at pp. 16-29 (Exhibit 1 to Resolution - Partial Statements of Manager Default)
[4] *See* Notice of Removal, Doc. 1 at 7, n.41 & 42.

the day before, and the residential information Plaintiff had on her turned out to be inaccurate. See Affidavit of Peter Kilpatrick.

3. Prior to the Resolution terminating Global Building, an authorized representative of Aulukista informed GWII's minority member, Global Windcrest Partners, LLC ("Global Windcrest"), of its intent to terminate Global Building as Manager through a written consent of GWII's members in lieu of a special meeting.[5] Importantly, Global Windcrest is a Delaware limited liability company.[6]

4. As part of Global Building's termination as Manager, Aulukista, on behalf of GWII, requested various items by March 5, 2022, including but not limited to accounting records; tenant security deposits, certificates of insurance and leases; cashier's check with the remaining balance of GWII's bank accounts; building keys and related items.[7] When Global Building wholly failed to comply or acknowledge its removal as manager of the Building, Aulukista, on its own and on behalf of GWII, initiated a state court proceeding in the 131st Judicial District of Bexar County, Texas seeking only injunctive relief to prevent Defendants Global Building and Mejia from continuing to represent themselves to tenants and third parties as the Manager and on-site property manager of the Building as if they were still authorized to act on behalf of GWII despite the GWII Resolution terminating Global Building's "services" as Manager of GWII.[8]

5. On March 14, 2022, the state court issued a Temporary Restraining Order ("TRO") against both Defendants Global Building and Mejia, finding Plaintiff had shown a probable right of recovery and high probability it would continue to suffer imminent, irreparable harm before a

---

[5] *See* Notice of Removal, Doc. 1-7 at pp. 19-20.
[6] *See* Doc. 1-7 at p. 35.
[7] *See Id*.
[8] *See* Notice of Removal, Doc. 1-1 (Plaintiff's Original Petition and Application for Injunctive Relief), at pp. 11-14, ¶¶ 26-38.

hearing on an application for temporary injunction could occur if the TRO were not granted.[9] Per the Order granting TRO, a hearing on Plaintiff's application for temporary injunction was set for Wednesday, March 23, 2022, approximately five (5) days before the TRO would expire on its own terms under Tex. R. Civ. P. 680.  One day before the hearing on temporary injunction, Defendant Global Building removed the litigation to this Court based on alleged diversity jurisdiction.  *See* Affidavit of Peter Kilpatrick, ¶ 8, attached at Exhibit A presented herewith.

## II. MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

6. For good cause, Aulukista asks the Court to extend the temporary restraining order entered by the Bexar County district court on March 14, 2022 until a hearing for preliminary injunction can be set, or jurisdiction in this Court is determined, in accordance with its discretion under Fed. R. Civ. P. 65(b).[10]

7. It is evident from the timing of Global Building's removal, one day before the hearing on Aulukista's application for temporary injunction in state court that Global Building's principal purpose for removal was to attempt to negate the TRO to avoid compliance.  However, it is well settled that once a case is removed to federal court, "federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 437, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). Under 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  In construing the effect of 28 U.S.C. §1450

---

[9] *See* Notice of Removal, Doc. 1-2 (Order Granting Temporary Restraining Order).
[10] *See Jones v. Belhaven College*, 98 Fed.Appx. 283, 284 (5th Cir. 2004) (finding the district court did not abuse its discretion by extending a TRO because "the court had the inherent authority to preserve the status quo until the question of its jurisdiction could be resolved." (unpublished opinion).

and the Federal Rules of Civil Procedure on the duration of a temporary restraining order issued prior to an action's removal to federal court, the Supreme Court developed the following rule:

> "An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Granny Goose Foods,* 415 U.S. at 439-40.

8. Under Tex. R. Civ. P. 680, a temporary restraining order "shall expire by its terms within such time after signing, not to exceed fourteen days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period."  The language in Tex. R. Civ. P. 680 mirrors the language found in Fed. R. Civ. P. 65(b)(2), which states every temporary restraining order issued without notice "expires at the time after entry—not to exceed 14 days—that court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."

9. Based on the language in the TRO setting Aulukista's application for temporary injunction hearing on March 23, 2022, the TRO would have expired after the state district court either granted or denied Aulukista's requested relief.  However, Global Building's removal prevented Aulukista from pursuing temporary injunctive relief, which Aulukista now understands was intentional based on representations by Global Building's counsel contending the TRO was never valid and Global Building's position it is still GWII's Manager.[11]  Global Building should not be permitted to circumvent the relief granted by the state district court through gamesmanship in the federal court system.  Accordingly, per 28 U.S.C. § 1450 and the rule announced in *Granny Goose Foods*, Aulukista's TRO should be deemed in force and effect until at least April 5, 2022,

---

[11] *See* Affidavit of Peter Kilpatrick (hereinafter "Kilpatrick Affidavit"), attached hereto at Exhibit A, ¶11 and Exhibit A-1.

fourteen days after removal of this action to this Court.  Furthermore, good cause exists for the Court to extend the TRO beyond April 5, 2022 to the extent necessary to either set a hearing for preliminary injunction by April 19, 2022, or confirm the Court has jurisdiction over this matter based on diversity.  Alternatively, in the unlikely event the Court finds merit in Global Building's argument that the TRO was void or has expired, Plaintiff moves for an original temporary restraining order from this Court pending a preliminary injunction hearing to be set by this Court.

10.    As Aulukista can show, the same conduct and irreparable harm and injury to GWII that supported the Bexar County district court's granting of the TRO continue or is imminently threatened today, will continue to persist unless and until Defendants Global Building and its representatives are enjoined from representing themselves to tenants, creditors, contractors and other third parties as agents authorized to act on behalf of GWII as Manager and, as a result, onsite property manager, in contradiction to the Resolution.[12]  Indeed, from the date the TRO was issued, Defendant Global Building has only partially complied with the state district court's order, continuing to refuse to turn over financial statements and requested information necessary to properly conduct GWII's affairs and ensure the Building is maintained in a habitable and safe condition.[13]   Shockingly, as of March 25, 2022 and repeated again by Global Building on March 29, 2022 (see Affidavit of Peter Kilpatrick, and exhibits 3 and 4 thereto), Global Building is now asserting the TRO was void from its inception or has expired, and is threatening to "immediately" resume activities as if it was never removed as Manager.  As set forth in the Affidavit of Sharon Lechner, such activity directly contravenes the Resolution and Operating Agreement.[14]  Without

---

[12] *See Hill v. Chester White Record Ass'n*, Civil Action No. 5:21-CV-274-M-BQ, 2021 WL 5446511 at * 4 (N.D. Tex. Nov. 18, 2021) (noting, "[w]here the movant demonstrates 'that the grounds for originally granting the temporary restraining order continue to exist,' courts have also found good cause.") (internal citations omitted).

[13] *See* Kilpatrick Affidavit at Exhibit A, ¶¶ 11-12 and Exhibits A-1 through A-4; *see also* Affidavit of Sharon Lechner (hereinafter "Lechner Affidavit"), attached hereto at Exhibit B, ¶¶ 5 and 6.

[14] *See* Exhibit B.

an extension of the TRO, Aulukista cannot protect its interests, either individually or derivatively on behalf of GWII, from the harm that would be caused by the confusion should Global Building seek to resume acting as the Manager and refusing to comply with the Resolution to remove itself from GWII's affairs and the premises of the Building.[15]

11. Irreparable harm and inadequacy of legal remedies is the basis for injunctive relief in the federal courts. *See Sampson v. Murray*, 94 S.Ct. 937, 39 L.Ed.2d 166, 415 U.S. 61, 88 (1974) (internal citation omitted). Furthermore, while "pre-removal state-court rulings cannot set the law of the case in federal court, they are entitled to some deference during post-removal proceedings." *Xtria, LLC v. Intern. Ins. Alliance, Inc.*, Civil Action No. 3:09-CV-2228-G, 2009 WL 4756365 at *5 (N.D. Tex. Dec. 11, 2009) (citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 n. 11 (5th Cir.2002)). Here, the affidavit testimony of Aulukista's President (which also served as the basis for Aulukista's TRO in the state court proceeding), establishes the type of irreparable harm both Aulukista and GWII will continue to suffer if Defendants Global Building and Mejia are allowed to ignore the Resolution and "immediately" resume activities as threatened by Global Building, as if it is still the Manager of GWII.[16]

12. Specifically, under Global Building and Mejia's management, the Building was left in a condition that did not comply with various health and safety codes and presented a danger both to tenants and members of the public alike.[17] Absent Global Building's compliance with the TRO, Aulukista cannot obtain the necessary data and information necessary to conduct an audit of GWII's current finances to determine the extent of Global Building's mismanagement, or to meaningfully engage in mediation and eventual arbitration of the parties' dispute, as it relates to

---

[15] *See* Lechner Affidavit at Exhibit B,
[16] *See* Kilpatrick Affidavit at Exhibit ¶10, Exhibit A-4; *See* Lechner Affidavit at Exhibit B, ¶¶ 4, 5 & 8.
[17] *See* Lechner Affidavit at Exhibit B ¶ 4.

the justification of Global Building's removal and Aulukista's claims for monetary damages against Global Building.[18]  More importantly, Global Building and Mejia's presence in the Building will only cause confusion among the tenants and interfere with Aulukista's efforts to obtain quality managers to properly oversee GWII's business affairs, as well as proper maintenance and management of the Building to avoid the harm and safety hazards that existed during Defendants' tenure.[19]  Accordingly, good cause exists for the Court to extend the TRO issued by the Bexar County district court as Aulukista rightly showed it had (and continues to have) a substantial likelihood of prevailing on the merits; there is a substantial threat Aulukista (individually and on behalf of GWII) will suffer irreparable injury; the threatened injury to Aulukista outweighs any threatened harm to Defendants; and extending the injunctive relief will not disserve the public interest (and in fact would further the public interest given the serious health and safety violations at the Building under Defendants' care).

13. For the reasons set forth above, and good cause shown,  Plaintiffs urges that this Honorable Court grant an extension of the Temporary Restraining Order   Or, alternatively, in the event this Court agrees with Global Building's position, asserted as of March 25, 2022, that the TRO was never valid or has expired, that the Court grant an original temporary restraining order that would enjoin Defendant Global Building from commandeering the Building as Manager as it threatened to do "immediately" on March 29, 2022, and specifically hat Defendant Global Building and its agents and affiliates, including Global Cres and Christian Mejia, be enjoined from engaging in the same activity enjoined by the state court on March 14, 2022, or substantially similar thereto,  to wit, from

- representing to vendors, creditors, contractors, accountants, lenders, governments, brokers, banks, insurers, tenants, prospective tenants, and the public at large that

---

[18] *See Id*. at ¶¶ 8-10.
[19] *See Id*. at ¶ 5.

> Global Building continues to act as the Manager of GWII, or that Christian Mejia is an authorized representative to manage the property owned by GWII [nothing herein prevents Global Building from asserting its legal rights in this proceeding or arbitration, from asserting whatever legal rights it sees fit to urge that it should remain or be compensated for being allegedly wrongfully removed as Manager of GWII];

- transferring any funds of GWII to itself or another;

- failing to turn over all books and records, keys, badges, fobs, monies, funds, Letters of Intent, tenant deposits, blueprints, schematics, As-Builts, leases, certificates of insurance and security codes of GWII to Aulukista as the representative of GWII pending a new Manager being named;

- Christian Mejia trespassing in the subject Building in Bexar County, Texas (other than for limited purpose of retrieving her personal things);

- From operating any website claiming to the public that Global Building continues to be the Manager of GWII or that it has authority to hire or place any property management service at the Building located at 8930 Fourwinds Drive, Windcrest Texas 78239;

- From using or disclosing proprietary and financial information of GWII to third parties;

- From removing any asset or item located on the Building or the Property of any kind, personal belongings of Ms. Mejia excepted; and

- From destroying financial records and other documentary evidence regarding GWII.

### IV.   REQUEST FOR RELIEF/PRAYER

14.   For these reasons, Movant Aulukista, LLC, individually and derivatively on behalf of Global Windcrest II, LLC move this Court to extend the temporary restraining order based on good cause until such time as the Court sets a hearing for preliminary injunction prior to April 19, 2022, or the Court considers its jurisdiction over this matter, and for such other relief to which Aulukista is entitled to both individually and derivatively on behalf of Global Windcrest II, LLC. Or, alternatively, in the event this Court agrees with Global Building's position, asserted as of March 25, 2022, that the TRO was never valid or expired, that the Court grant an original

temporary restraining order that would enjoin Defendant Global Building and its agents from engaging in the conduct described in Paragraph 13 above, and for such other and further relief to which the Court believes Plaintiff may be entitled.

Respectfully submitted,

LANGLEY & BANACK, INC.
Trinity Plaza II, Seventh Floor
745 East Mulberry, Suite 700
San Antonio, Texas 78212-3166
(210) 736-6600 - Phone
(210) 735-6889 - Fax

By: */s/ Peter L. Kilpatrick*
   PETER L. KILPATRICK
   State Bar No. 11416545
   pkilpatrick@langleybanack.com
   ERICA E. VALLADARES
   evalladares@langleybanack.com
   State Bar No. 24045841

**ATTORNEYS FOR PLAINTIFF AULUKISTA, LLC, Individually and derivatively on behalf of GLOBAL WINDCREST II, LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), to the extent conference is required on an application to extent a TRO, I hereby certify that on March 23 and 24, 2022, counsel for Plaintiff conferred with counsel for Defendant Global Building, LLC regarding the relief requested in this motion, and Defendant's counsel on or about March 25, 2022, stated it would not stand down and on March 29, 2022 threatened to immediately resume acting as Manager.

   */s/ Peter Kilpatrick*
   PETER KILPATRICK
   ERICA E. VALLADARES

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was electronically filed with the Clerk of the United States District Court for the Western District of Texas, San Antonio Division, and that a true and correct copy of the foregoing instrument will be served upon all counsel of record pursuant to ECF as to Filing Users, and by certified mail to an address of Christian Mejia at 600 E. Sonterra Blvd, San Antonio, Texas 78258, #3403, which is believed to be accurate, on this the 29th day of March 2022.

*/s/ Peter L. Kilpatrick*
PETER L. KILPATRICK
ERICA E. VALLADARES